UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

  -against-                            MEMORANDUM AND ORDER
                                          03 - CR - 1048 (ILG)

Rhett JAMES,

                Defendant.

-----------------------------------------------x

GLASSER, United States Senior District Judge

On remand from the United States Court of Appeals for the Second Circuit, the Court is directed to address two issues pertaining to the defendant's attempt to appeal the judgment of this Court imposing a sentence of imprisonment of 78 months entered against him by this Court on February 7, 2007: first, do the two letters submitted to this Court by Mr. James and his attorney in March 2007 collectively constitute a constructive request pursuant to Federal Rule of Appellate Procedure 4(b)(4) ("Rule 4") for an extension of time within which to file a notice of appeal, and second, if the letters do constitute such a request, has Mr. James made the showing of excusable neglect or good cause necessary to entitle him to an extension of the 10-day period within which to file a notice of appeal provided by Rule 4(b)(1)(A)? Answering both questions in the affirmative, the Court hereby grants Mr. James's constructive request for an extension of time within which to file a notice of appeal.

## BACKGROUND

On February 6, 2004, Rhett James pleaded guilty before this Court to one count of conspiracy to import cocaine in violation of 21 U.S.C. §§ 960, 963. On February 7, 2007, he was sentenced to a term of incarceration of 78 months for that offense, to be followed by a 5-year period of supervised release. On March 12, 2007, the Court received a letter, dated March 8, 2007, in which Mr. James indicated that he had discovered that his attorney had not filed a notice of appeal of Mr. James's sentence, as Mr. James had believed he would, and requested copies of several documents pertaining to his case so that Mr. James could prepare and file his own notice of appeal. On March 23, 2007, the Court received a letter, dated March 20, 2007, from Rami Fakhoury, Esq., on behalf of Mr. James's attorney, Michael Musa-Obregon, who informed the Court that Mr. James would file his notice of appeal *pro se*. Mr. Fakhoury's letter further noted that although the 10-day period for filing a notice of appeal provided by Rule 4(b)(1) had passed, "we recommend that [Mr. James] is not prejudiced and that he is allowed to file a late notice of appeal."

In response to these letters, the Court sent some of the requested documents to Mr. James and requested that his attorneys send the others; no further correspondence occurred until May 17, 2007, when Mr. James submitted a letter to the Court requesting leave to file an untimely notice of appeal and a motion for an extension of time within which to do so. The Court denied that motion as untimely, as it was submitted well after the 30-day period within which requests for extensions can be made pursuant to Rule 4(b)(4) had elapsed. For reasons not entirely clear from the record, the Clerk of Court construed Mr. James's motion for an extension of time to file a notice of appeal as a notice of appeal itself, and an electronic index to the record on appeal was transmitted

to the Second Circuit on May 18, 2007.[1]  On August 17, 2007, the Second Circuit issued a mandate dismissing the appeal, holding that the notice of appeal filed in May 2007 was untimely under the Federal Rules of Appellate Procedure.  However, the appellate court remanded the case to this Court to consider whether the letters filed by Mr. James and his counsel in March 2007 "might together liberally be construed to constitute a timely motion for an extension of time in which to file a notice of appeal," and if so, "to determine. . . whether Appellant has shown excusable neglect or good cause for his failure to file a timely notice of appeal."

## **DISCUSSION**

Rule 4(b)(1)(A) provides that a criminal defendant appealing a judgment must file a notice of appeal within ten days of the date of entry of the judgment, in this case February 7, 2007.  Excluding intervening weekends and the Washington's Birthday holiday on February 19 pursuant to Federal Rule of Appellate Procedure 26(a), the ten-day period provided by Rule 4(b)(1)(A) elapsed on February 22, 2007.  See United States v. Montoya, 335 F.3d 73 (2d Cir. 2003) (applying Rule 26). Mr. James failed to file a notice of appeal within that time frame.  However, the Federal Rules of Appellate Procedure provide for the possibility of extending the period within which a notice of appeal may be filed by an additional 30 days in some circumstances.  Rule 4(b)(4), which applies to appeals of judgments in criminal cases,  states that:

> Upon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and

---

[1] Mr. James subsequently filed a formal notice of appeal, deemed by the Clerk of Court to be a "duplicate" notice, on May 22, 2007, and a subsequent electronic index to the record on appeal was transmitted to the Second Circuit on July 3, 2007.  A supplemental record on appeal was transmitted on July 5, 2007.

3

> notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Because Mr. James's March 8, 2007, letter and Mr. Fakhoury's March 23, 2007, letter were filed within 30 days of February 22, 2007, the Court must determine what legal effect, if any, these documents may have had on Mr. James's appeal. Cf. United States v. Kinyua, 2002 WL 31357700, at *2 (S.D.N.Y. October 17, 2002) ("As a notice of appeal, Kinyua's letter, filed more than ten days after entry of his judgment of conviction. . . is untimely. Construed as a request for an extension of time to file a notice of appeal, the letter is also untimely. Even assuming that Kinyua submitted the letter to prison officials on the same date as appears on the letter. . . the letter was 'filed' after expiration of the thirty-day window and cannot be made timely by a nunc pro tunc extension of thirty days.") (citing Knickerbocker v. Artuz, 271 F.3d 35, 37 (2d Cir.2001) (per curiam)).

The first issue presented on remand is whether the two March letters might be construed as a request for an extension of time in which to file a notice of appeal of Mr. James's sentence. The Second Circuit clarified the meaning of Rule 4(b)(4) in United States v. Batista, 22 F.3d 492 (2d Cir. 1994). That case held that a belated notice of appeal, filed after the 10-day period provided for in Rule 4(b)(1)(A) but within the 30-day extension period contemplated by Rule 4(b)(4), should be construed as a motion for an extension of time pursuant to Rule 4(b)(4), which could be granted if the district court found that the defendant established excusable neglect or good cause for his failure to file a timely notice of appeal within ten days of the judgment. Batista rested its holding on two observations: first, that unlike Rule 4(a)(5), which pertains to requests

4

for extensions of time to file notices of appeal in civil cases, Rule 4(b)(4) expressly states that such a request need not be made on motion, and second, that the belatedly-filed notice of appeal, while not explicitly requesting an extension, "indicates to the district court the defendant's intention and desire to appeal." 22 F.3d at 493.  While most of the cases applying Batista have likewise dealt with belatedly-filed notices of appeal rather than letters announcing an intent to appeal,[2] Batista's reasoning applies with equal force to the latter situation as to the former.  The March 2007 letters, particularly Mr. James's letter to the Court dated March 8, 2007, state quite explicitly his intention and desire to appeal, and Mr. Fakhoury's letter of March 23, 2007, acknowledges the fact that the ten-day period had elapsed and urges the Court to permit Mr. James to file a late notice.  Taken together, this Court finds that the two letters should be deemed effectively equivalent to the belated notice of appeal at issue in Batista, and should therefore be construed as a request for an extension pursuant to Rule 4(b)(4).

Having determined that the March 2007 letters should be construed as a request for an extension of time in which to file a notice of appeal, the Court must now determine whether Mr. James has established the "excusable neglect or good cause" required by Rule 4(b)(4) in order to qualify for an extension.  In Pioneer Investment Servs. Co. v. Brunswick Assoc., Ltd., 507 U.S. 380, 395 (1993), the Supreme Court recognized that the doctrine of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  The Court

---

[2]  At least one court has applied Batista to construe a motion other than a belated notice of appeal as a request for an extension under Rule 4(b)(4).  See United States v. Kerr, No. 3:96-CR-159 (EBB), 1998 WL 351474, at *1 (D. Conn. June 3, 1998) ("Although the defendant phrases his motion in terms of the appointment of new counsel, it can fairly be read as a request for an extension of time to file a Notice of Appeal.").

further held that in assessing whether an omission constitutes excusable neglect, courts should consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Although Pioneer addressed excusable neglect in the context of a bankruptcy proceeding, the Second Circuit subsequently held that its discussion also applies to a criminal defendant's request under Rule 4(b)(4) for an extension of time in which to file a notice of appeal under Rule 4(b)(4). See United States v. Hooper, 9 F.3d 257, 259 (2d Cir.1993) ("Pioneer thus controls the resolution of Hooper's motion, which seeks a finding of 'excusable neglect' under Rule 4(b)."). In this case, all of the criteria identified by Pioneer favor granting the requested extension in this case. The danger of prejudice to Mr. James should this Court refuse to grant his request is quite high, as it would deprive him of direct appellate review of his sentence. The reason for the delay, that Mr. James believed that his attorney would file a timely notice of appeal and discovered only after the ten-day period for filing such notice had elapsed that it had not been filed, is a reasonable one, particularly in light of the fact that Mr. James was incarcerated at the time. While a criminal defendant retains nominal control over his counsel, Mr. Fakhoury's letter to the Court gives the impression that the failure to file a timely notice of appeal was the result of an honest misunderstanding or miscommunication between Mr. James and his counsel, suggesting both that the situation was not entirely within Mr. James's control and that he acted in good faith. Finally, the delay, as measured from the date on which the ten-day period to file a notice of appeal elapsed and the day on which Mr. James sent his letter to this Court indicating

his intent to file a pro se notice of appeal, was only fourteen days– hardly sufficient to impose any serious inconvenience on the proceedings. All of these considerations demonstrate that Mr. James has demonstrated the requisite element of excusable neglect and is entitled to seek a 30-day extension of time within which to file a notice of appeal.[3] While the decision whether to grant such an extension remains committed to the discretion of this Court even where the element of excusable neglect is satisfied, all of the factors discussed above persuade the Court that an extension is warranted in this case.

---

[3] The circumstances presented in James's letter also present a showing of good cause for the neglect. The Second Circuit has recognized that an attorney's abandonment of a client by failing to file a notice of appeal after having been instructed to do so constitutes a per se violation of the Sixth Amendment that deprives the client of effective assistance of counsel. See Restrepo v. Kelly, 178 F.3d 634, 640-42 (2d Cir. 1999). While the two March 2007 letters are not entirely clear as to what transpired between Mr. James and his counsel, they give the impression that James actually, and perhaps reasonably, believed that a notice of appeal would be filed on his behalf by his attorney within the ten-day limit prescribed by the Federal Rules of Appellate Procedure. If his attorney's failure to file a notice of appeal in such circumstances constitutes a violation of James's Sixth Amendment right to effective legal counsel, it follows a fortiori that James's timely request for an extension of time in which to file a pro se notice of appeal was supported by good cause.

# CONCLUSION

Defendant Rhett James's motion pursuant to Federal Rule of Appellate Procedure 4(b)(4) for an extension of time within which to file a notice of appeal of his sentence is hereby GRANTED.  In remanding this case, the Second Circuit noted that "[i]f an extension is granted, the two March 2007 letters will suffice as a notice of appeal and a new notice need not be filed."  The two letters shall therefore collectively be construed as a valid notice of appeal in this action.

SO ORDERED.

Dated:      Brooklyn, New York
            October 31, 2006

_____S/_____

I. Leo Glasser
United States Senior District Judge


Copies of the foregoing memorandum and order were electronically sent to:

Counsel for the Plaintiff

Robert M Radick
U.S. Attorney's Office
147 Pierrepont Plaza
Brooklyn, NY 11201

Counsel for the Defendant

Harold J. Pokel, Attorney at Law
39 Broadway
Suite 1440
New York, NY 10006

Shauky M. Musa-Obregon
Law Offices of S. Michael Musa-Obregon
55-21 69th Street
Maspeth, NY 11378